UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Branden Whetsell, ) | C/A No. 2:24-cv-05487-BHH-MHC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Kevin Alexander Murnock & PFC Martinez, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Michael Branden Whetsell ("Plaintiff"), proceeding pro se, filed this action alleging violations of his constitutional rights. ECF No. 1. Before the Court is a Motion to Dismiss filed by Defendants Kevin Alexander Murnock and PFC Martinez. ECF No. 50. Because Plaintiff is proceeding pro se, the Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedures and the possible consequences if he failed to adequately respond to Defendants' Motion. ECF No. 51. In response to Defendants' Motion, Plaintiff noted he had not received a copy of the Motion but presented arguments in support of his claim. ECF No. 57. The Court ordered Defendants to re-send the Motion to Plaintiff's address of record and gave Plaintiff until August 25, 2025, to file any additional response to the Motion. ECF Nos. 61; 64. He did not. The Motion is ripe for review.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2), (D.S.C.). Because the Motion is dispositive, this Report and Recommendation is entered for review by the District Judge.

## BACKGROUND[1]

In his Amended Complaint, Plaintiff brings claims for violations of his Fourth Amendment rights. ECF No. 1 at 4. Plaintiff alleges that he was profiled as a shoplifting suspect, drugs were planted onto him, and he was improperly touched during a pat down search. *Id.* at 7–8.

Specifically, Plaintiff alleges that on March 26, 2024, he was walking down Highway 41 in Mount Pleasant, South Carolina, looking for his phone after an argument with his girlfriend, when Defendant Martinez, a Mount Pleasant Police Officer, activated his blue lights. *Id.* at 6. When Defendant Martinez stepped out of his police cruiser, Plaintiff explained what he was doing, but Defendant Martinez told him he matched the description of a shoplifter. *Id.* Defendant Murnock, another officer, then arrived, and both Defendants questioned Plaintiff about his whereabouts that evening. *Id.* Though Plaintiff answered most of Defendants' questions, they refused to let him leave, even when they found out there was no footage of the shoplifting incident of which Plaintiff resembled the suspect. *Id.*

Plaintiff was put in cuffs after refusing to allow Defendants to search him and instead giving them a verbal inventory of his possessions. *Id.* Defendant Martinez put Plaintiff under arrest and both Defendants searched him. *Id.* at 7. Plaintiff alleges that Defendant Martinez's pat down involved touching that was inappropriate and beyond the level necessary for the search. *Id.* Defendant Murnock held Plaintiff's arm at the time and observed the touching. *Id.* Plaintiff inquired why Defendant Martinez was touching him, including squeezing and spreading his buttocks, to which Defendant Martinez responded, "You never know." *Id.* Though Plaintiff requested that he be transported in Defendant Murnock's cruiser because Defendant Martinez

---

[1] The factual allegations, and all inferences therefrom, are construed in the light most favorable to Plaintiff for purposes of ruling on Defendants' Motion to Dismiss. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

made him uncomfortable, his request was denied. *Id.*

Plaintiff describes that Defendant Martinez also watched and smiled as Plaintiff was strip-searched once he arrived to be booked at the Sheriff Al Cannon Detention Center. *Id.* at 7–8. Plaintiff also alleges Defendants lied to detention center employees about finding drugs in Plaintiff's sock. *Id.* at 8. Plaintiff says these drugs were never brought to his attention nor field tested in front of him, and he did not find out about the drug charge until he appeared in bond court the next morning. *Id.*

Both charges—for shoplifting and possession of cocaine—were eventually dismissed, but Plaintiff alleges he spent unnecessary time in jail for the charges, causing him to miss crucial payments and default on various responsibilities. *Id.* at 8–9. Plaintiff brings claims for monetary damages against Defendants in their individual capacities. *Id.*

## LEGAL STANDARD

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 531 (D.S.C. 2014) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)); *see Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant will have "fair notice of what the claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is

3

plausible on its face.'" *Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570).

When considering a Rule 12(b)(6) motion, the court is required to evaluate the complaint in its entirety, including documents attached or incorporated into the complaint; accept the allegations in the pleading as true; and draw all reasonable factual inferences in favor of the party opposing the motion. *Kolon Indus., Inc.*, 637 F.3d at 440, 448. The court may consider a document not attached to the complaint, so long as the document "was integral to and explicitly relied on in the complaint," and there is no authenticity challenge. *Id.* (quoting *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)).

"A complaint should not be dismissed as long as it provides sufficient detail about the claim to show that the plaintiff has a more-than-conceivable chance of success on the merits." *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 511 (4th Cir. 2015) (internal quotation marks and brackets omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not analogous to a "probability requirement," rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Additionally, pro se filings are to be "liberally construed" and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). This "[l]iberal construction of the pleadings is particularly appropriate where, as here, there is a pro se complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (citation omitted); *Williamson v. Stirling*, 912 F.3d 154, 173 (4th Cir. 2018) (noting "we are

4

obliged to construe [a complaint's] allegations liberally and with the intent of doing justice"). However, the Court "need not accept the [plaintiff's] legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citations and quotation marks omitted).

## DISCUSSION

Plaintiff has alleged claims based on (1) his arrest for shoplifting, (2) the planting of drugs and prosecution for their possession, and (3) inappropriate sexual touching by Defendant Martinez. ECF No. 1 at 6–9. Defendants argue Plaintiff has failed to state a claim upon which relief can be granted. ECF No. 50. Specifically, Defendants contend that Plaintiff's claims should be dismissed because he has failed to state a claim for unlawful seizure under the Fourth Amendment.[2] ECF No. 50 at 3. Plaintiff responds that Defendants lacked probable cause to arrest him. ECF No. 57 at 2.

### I. Shoplifting Arrest & Charge: False Arrest Claim

Plaintiff alleges he was profiled and improperly arrested for shoplifting. ECF No. 1 at 8. Defendants argue that his claim should be dismissed because probable cause existed to arrest Plaintiff as the suspected shoplifter, and that even if it did not, they are entitled to qualified immunity. ECF No. 50 at 3–5.

Section 1983 actions premised on malicious prosecution, false arrest, and/or false imprisonment are analyzed as actions claiming unreasonable seizures in violation of the Fourth

---

[2] Defendants' arguments for dismissal appear to only address Plaintiff's arrest for shoplifting. *See* ECF No. 50 at 3–4. Defendants generally argue they are entitled to qualified immunity "based on Plaintiff's failure to plead facts demonstrating that Defendants violated his constitutional rights." *Id.* at 5. Though this statement could be construed to refer to all of Plaintiff's claims, Defendants specifically argue qualified immunity only regarding an unlawful seizure: "Plaintiff's Complaint sets forth sweeping and conclusory allegations of wrongdoing on the part of Defendants, but the Complaint fails to allege any specific facts tending to demonstrate that his arrest amounted to an unlawful seizure in violation of the Fourth Amendment." *Id.*

Amendment. *See, e. g.*, *Brown v. Gilmore*, 278 F.3d 362, 367–68 (4th Cir. 2002) (recognizing that a plaintiff alleging a § 1983 false arrest claim needs to show that the officer decided to arrest him without probable cause to establish an unreasonable seizure under the Fourth Amendment); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001) (stating claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment").

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "The basic purpose of this Amendment . . . is to safeguard the privacy and security of individuals against arbitrary invasions by government officials." *Camara v. Mun. Ct. of City & Cnty. of S.F.*, 387 U.S. 523, 528 (1967). Fundamentally, the Fourth Amendment imposes "a standard of reasonableness upon the exercise of discretion by government officials, including law enforcement agents . . . ." *Delaware v. Prouse*, 440 U.S. 648, 653–54 (1979). As such, an arrest is only considered "reasonable" for purposes of the Fourth Amendment when justified by probable cause. *See, e.g.*, *Wilson v. Kittoe*, 337 F.3d 392, 398 (4th Cir. 2003). Put differently, "[t]he Fourth Amendment is not violated by an arrest based on probable cause." *Graham v. Connor*, 490 U.S. 386, 396 (1989).

"Probable cause to justify an arrest arises when 'facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Porterfield v. Lott*, 156 F.3d 563, 569 (4th Cir. 1998) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)). The probable cause determination is inherently fact specific but typically turns on two primary factors: (1) the suspect's conduct known to the officer, and

(2) the contours of the offense thought to be committed by that conduct. *Rogers*, 249 F.3d at 290; *Pritchett v. Alford*, 973 F.2d 307, 314 (4th Cir. 1992). Probable cause "requires more than bare suspicion but requires less than evidence necessary to convict." *Porterfield*, 156 F.3d at 569. Where "no reasonable officer could believe, in light of the contours of the offense at issue, that probable cause exists to arrest that person, a violation of a clearly established Fourth Amendment right to be arrested only upon probable cause ensues." *Rogers*, 249 F.3d at 290 (citing *Smith v. Reddy*, 101 F.3d 351, 356 (4th Cir. 1996)).

Defendants argue that because Plaintiff matched the description of a shoplifter known by Defendants, an ordinary, prudent, and cautious person would have believed Plaintiff was involved in the shoplifting incident. ECF No. 50 at 4. In essence, their argument is that the matching description established probable cause supporting the arrest for shoplifting. *See id.* at 3–4.

While Defendants may ultimately be able to demonstrate probable cause, Plaintiff's Complaint alleges that, at the time of Plaintiff's arrest, Defendants did not have an arrest warrant and, in any event, were lying about Plaintiff matching the description of the shoplifter, ECF No. 1 at 6–8, which, at this stage, is sufficient to permit a reasonable inference that Plaintiff was arrested without probable cause. *See Harrison v. Prince William Cnty. Police Dep't*, 640 F. Supp. 2d 688, 702 (E.D. Va. 2009) ("The facts, as recounted in the Complaint, state that Plaintiff did nothing to lead [the officer] to believe that a crime had been or was being committed. . . . For the purposes of a motion to dismiss, this is sufficient to allege that [the officer] did not have probable cause to seize or arrest Plaintiff." (citation omitted)); *Lee v. City of Fayetteville*, No. 5:23-CV-743-FL, 2024 WL 3073714, at *4–5 (E.D.N.C. June 20, 2024) ("[P]laintiff allege[d] sufficient facts to permit a reasonable inference that she was arrested without a warrant and without probable cause" when "no warrant allegedly was obtained prior to her arrest, and plaintiff alleges no facts or

circumstances supporting officers' accusation that plaintiff had fictitious tags"); *Ali v. Raleigh Cnty.*, No. 5:17-CV-03386, 2018 WL 4101517, at *9 (S.D.W. Va. Aug. 28, 2018) (plaintiff's allegations that defendant worked with others to arrest him knowing "that the alleged illegal activity was falsely made up by other named Defendants in order to create probable cause" satisfactorily alleged a claim of warrantless arrest); *see also McPhearson v. Anderson*, 873 F. Supp. 2d 753, 757–59 (E.D. Va. 2012) (denying officer's motion to dismiss for failure to state a claim even when the plaintiff was arrested pursuant to a warrant because plaintiff had sufficiently alleged an officer intentionally provided materially false information leading to the plaintiff's arrest, even though the court acknowledged the officer likely did no more than make an innocent mistake in confusing two identical names); *Jackson v. Carin*, No. 8:19-CV-00564-PWG, 2020 WL 998736, at *4–5 (D. Md. Mar. 2, 2020) (finding the plaintiff sufficiently alleged facts to suggest his arrest was unsupported by probable cause because "at this stage of the proceedings, [plaintiff] is not required to 'prove' anything, merely to allege sufficient facts to state a plausible claim" and "he has alleged facts sufficient to allow a reasonable trier of fact to find that [detective] intentionally or recklessly made materially false assertions or material omissions in his affidavit, without which, it would not support probable cause"); *cf. Hunter v. Skipper*, No. 3:22-CV-00422-MR, 2022 WL 16924128, at *3 (W.D.N.C. Nov. 14, 2022) ("Plaintiff has failed to state a claim for a Fourth Amendment violation because he admits that he 'match[ed]' the robbery suspect's description the day after one of the robberies.").

Under these circumstances, the undersigned recommends denying Defendants' Motion to Dismiss Plaintiff's false arrest claim.[3]

---

[3] Plaintiff attached the arrest warrants for his shoplifting and cocaine possession charges in his Response to Defendants' Motion. *See* ECF No. 57-2 at 1–2. These warrants are not integral to nor relied on in Plaintiff's Complaint, given that Plaintiff's arrest was not executed pursuant to these

## II.    Possession Charge: Fabrication of Evidence & Malicious Prosecution[4]

Plaintiff's allegations that Defendants planted drugs on him or lied about the presence of drugs on his person amounts to a claim that Defendants fabricated evidence to falsely charge him with possession of cocaine, allegations that constitute a claim under the Due Process clause of the Fourteenth Amendment and a malicious prosecution claim under the Fourth Amendment.[5] *See* ECF No. 1 at 8; *see also Harris v. Town of S. Pines*, 110 F.4th 633, 639–48 (4th Cir. 2024) (reversing grant of summary judgment on plaintiff's fabrication of evidence claim, cognizable under the Fourteenth Amendment's Due Process Clause, and his malicious prosecution claim, cognizable under the Fourth Amendment); *Massey v. Ojaniit*, 759 F.3d 343, 355–56, 356 n.6 (4th Cir. 2014) (distinguishing between plaintiff's malicious prosecution and due process claims, noting that "the Fourteenth Amendment due process claim in Count I (concern[ed] [plaintiff's] convictions) and the Fourth Amendment claim in Count II (focus[ed] on his arrest)").[6]

---

warrants. *See Kolon Indus., Inc.*, 637 F.3d at 440. Nor should these warrants be considered at this juncture in assessing the officers' probable cause determination. *See Lee*, 2024 WL 3073714, at *4–5 (finding arrest warrant should not be considered in reviewing motion to dismiss because it was (1) not mentioned in the complaint and therefore not integral and (2) not determinative of plaintiff's false arrest claim because it was not obtained prior to plaintiff's arrest (citing *Porterfield*, 156 F.3d at 568)). Nevertheless, the undersigned notes these documents suggest Plaintiff's allegations are inaccurate, and Plaintiff is reminded of his obligations under Rule 11 of the Federal Rules of Civil Procedure. At this stage of proceedings, Plaintiff's allegations are taken as true and support allowing his claim to proceed.

[4] As noted above, *see supra* note 2, Defendants do not appear to move for dismissal of Plaintiff's claims based upon the alleged fabrication of evidence. *See generally* ECF No. 50. Regardless, any Motion to Dismiss the claims should be denied.

[5] Though Plaintiff brought his claims under the Fourth Amendment, "[w]here the context . . . makes clear a litigant's essential grievance, the complainant's additional invocation of general legal principles need not detour the district court from resolving that which the litigant himself has shown to be his real concern." *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

[6] The "convictions" language used in *Massey* was clarified in *Harris*, where the Fourth Circuit explained that though *Massey* identified the plaintiff's conviction as the loss of liberty, a conviction

A. <u>Fabrication of Evidence</u>

To state a claim for fabrication of evidence, Plaintiff must allege that (1) "officers fabricated or omitted material evidence," (2) "he suffered a loss of liberty," and (3) "the loss of liberty was caused by the fabricated evidence." *See Harris*, 110 F.4th at 645 n.6.

Plaintiff alleges that the drug evidence was fabricated (or nonexistent), given that he never saw the drugs on his person nor during his arrest and he believes they were "plant[ed] . . . on [him]." ECF No. 1 at 8. Plaintiff also alleges he suffered a loss of liberty based on the false charge, *see Harris*, 110 F.4th at 646 ("[T]he alleged harm in a due process fabrication of evidence case is the wrongful initiation of prosecution. . . . Whether the defendant is detained pre-trial or not, he experiences a deprivation of liberty when criminal proceedings against him are initiated." (internal quotation marks omitted)), and based on his sitting in jail for five months between the dismissals of the shoplifting charge and the cocaine possession charge. ECF No. 1 at 8 (Plaintiff's shoplifting charge dismissed on April 5, 2024, and his cocaine possession charge was dismissed on September 5, 2024). Accordingly, Plaintiff has alleged that this loss of liberty was caused by the fabricated drug evidence—Plaintiff's allegations state that he would not have been charged with cocaine possession absent the fabricated evidence. *See Harris*, 110 F.4th at 645 n.6; *see also id.* at 646 ("[A]n acquitted criminal defendant may have a stand-alone fabricated evidence claim against state actors under the due process clause of the Fourteenth Amendment if there is a reasonable likelihood that, absent that fabricated evidence, the defendant would not have been criminally charged." (internal quotation marks omitted) (quoting *Black v. Montgomery Cnty.*, 835 F.3d 358, 371 (3d Cir. 2016), *as amended* (Sep. 16, 2016))). For these reasons, Plaintiff has sufficiently pled

---

was sufficient, but not necessary, to demonstrate a constitutional deprivation under the Fourteenth Amendment. *Harris*, 110 F.4th at 647 n.9.

10

this claim.

B. <u>Malicious Prosecution</u>

To state a claim for malicious prosecution, Plaintiff must allege that (1) Defendants "seized him pursuant to legal process that was not supported by probable cause," and (2) "the criminal proceedings have terminated in his favor." *See id.* at 639 (citing *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012)).

Plaintiff has alleged that (a) he was arrested and charged with drug possession without probable cause, as he says there was never any discovery of crack cocaine in his sock, and (b) the charge was dismissed, thus terminating the proceedings in his favor. *See* ECF No. 1 at 6–9; *cf. Rouse v. Nessel*, No. 8:20-CV-00954-DCC-JDA, 2020 WL 6279198, at *5 (D.S.C. July 6, 2020) ("Because the Complaint does not allege that criminal proceedings have terminated in Plaintiff's favor, the Complaint does not state a claim for malicious prosecution."), *report and recommendation adopted*, No. 8:20-CV-00954-DCC, 2020 WL 4435189 (D.S.C. Aug. 3, 2020).

Here, as with his shoplifting charge, Plaintiff is challenging Defendants' basis for their probable cause determination. *See* ECF Nos. 1 at 8; 57 at 4 (Defendants "fabricated a drug charge in which Plaintiff was unaware of until bond court. No field test had been completed in the presence of Plaintiff nor was he questioned about the alleged drugs."). Rather than saying what Defendants alleged they found would be insufficient to establish probable cause, Plaintiff is instead challenging their findings altogether, arguing they lied about discovering the drugs at all. ECF No. 1 at 8 ("They lied about the drugs.").

Regardless of whether Defendants had probable cause to arrest Plaintiff for the shoplifting charge discussed above, the drug possession charge is a separate charge that warrants a separate analysis. *See Adams v. Cnty. of Lexington*, No. CV 8:20-4296-MGL-PJG, 2022 WL 21747956, at

11

\*6–7 (D.S.C. May 19, 2022) (finding persuasive the charge-specific approach taken by the Eleventh Circuit in *Williams v. Aguirre*, 965 F.3d 1147 (11th Cir. 2020) ("Centuries of common-law doctrine urge a charge-specific approach, and bedrock Fourth Amendment principles support applying that approach in the context of the charges that justified a defendant's seizure.")).

At this stage in the proceedings, taking Plaintiff's allegations and all reasonable inferences therefrom as true, he has stated a claim for malicious prosecution: he was charged with a crime that lacked adequate legal process, without any basis, and the charge was ultimately dismissed. ECF No. 1 at 8; *Harris*, 110 F.4th at 639.

Plaintiff has stated claims for fabrication of evidence and malicious prosecution, and they should not be dismissed at this time.

### III. Claim Based on Pat Down Search

Plaintiff alleges he was inappropriately touched by Defendant Martinez during a pat down after he was arrested. ECF No. 1 at 7. Plaintiff brings this claim under the Fourth Amendment. *Id.* at 4.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. In determining the reasonableness of a search under the Fourth Amendment, "[c]ourts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). "The overriding function of the Fourth Amendment is to protect personal privacy and dignity against unwarranted intrusion by the State." *Johnson v. Robinette*, 105 F.4th 99, 113 (4th Cir. 2024) (internal quotation marks omitted). "Therefore, to be constitutional, a search must not be unreasonable." *Id.* (internal quotation marks omitted).

12

Plaintiff alleges that Defendant Martinez's pat down search of Plaintiff made him uncomfortable:

> PFC Martinez began his pat down. He started by running up my legs as if I had pants on, which was not common being he can clearly see its bare skin. When he got to my waist, he patted my crotch a few times. He then began to squeeze my inner thighs and my buttocks. He squeezed both buttocks and then spread them apart. It was very inappropriate . . . .

ECF No. 1 at 7. Plaintiff's allegations of Defendant Martinez's pat down involve repeated grabbing of his intimate areas as well as allegations that Defendant Martinez "was smiling and looking at [Plaintiff's] penis" while Plaintiff was strip-searched at the detention center after the arrest. *See id.* at 7–8. Viewing these allegations in the light most favorable to Plaintiff, he has alleged more than the sort of incidental or accidental touching that courts have found to pass muster under the Fourth Amendment. Instead, he alleges that while being subjected to a pat down, Defendant Martinez groped his genitals in such a manner as could constitute a sexual assault.

Courts have found similar allegations sufficient to withstand dismissal under Rule 12(b)(6). *See, e.g.*, *Moss v. Trent*, No. 7:23-CV-00110, 2025 WL 2550605, at *14 (W.D. Va. Sep. 4, 2025) (collecting cases); *Weatherington v. Rios*, No. 1:14-v-00906, 2017 WL 896302, at *4 (E.D. Cal. Mar. 6, 2017) (finding that an inmate stated a cognizable Fourth Amendment claim against an officer who allegedly "fondled [his] genitals during a pat down search in a malicious and sadistic way" (internal quotation marks omitted)); *Hill v. Tyburski*, No. 3:19-cv-01674, 2020 WL 1914929, at *3 (D. Conn. Apr. 19, 2020) (concluding that a pretrial detainee stated a plausible Fourth Amendment claim based on allegations that he was subjected to a body cavity search during which officers "groped and spread his buttocks apart"); *Dickey v. United States*, 174 F. Supp. 3d 366, 371 (D.D.C. 2016) (allowing a Fourth Amendment claim to proceed where an arrestee alleged that his "genitals were fondled in such a way as to constitute a 'sexual assault'" and emphasizing that "[a] thorough search of the groin area is distinct from the fondling of genitalia"); *see also Gamble*

13

*v. Bullard*, No. 5:11-CT-3220-FL, 2012 WL 5843715, at *2–3 (E.D.N.C. Nov. 19, 2012) (denying motion for judgment on the pleadings, applying the 12(b)(6) standard, for plaintiff's Fourth Amendment claim that officers conducted a pat and frisk search while he was in his boxer shorts and t-shirt and a female officer "reached between his legs and 'rubbed his genitals twice like in a sexual manner'" (cleaned up)).

Consistent with these decisions and taking the allegations in Plaintiff's Complaint as true, *see Kolon Indus., Inc.*, 637 F.3d at 440, the undersigned finds that Plaintiff has stated a plausible Fourth Amendment claim against Defendant Martinez at this time and recommends that Defendants' Motion be denied. *See Iqbal*, 556 U.S. at 678.

### IV.     Qualified Immunity

Nor would qualified immunity protect Defendants, if the allegations in Plaintiff's Complaint are taken as true. Officers are entitled to immunity from § 1983 claims unless they have violated a constitutional or statutory right that was clearly established at the time of their actions. *See Belton v. Loveridge*, 129 F.4th 271, 277 (4th Cir. 2025). Here, however, Defendants' behavior as alleged by Plaintiff—that they falsified their reports, lied about his matching a description to wrongfully arrest him, planted drugs, and fondled his intimate areas during a pat down search—when taken as true would violate Plaintiff's clearly established constitutional rights. *See Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996) ("The Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and seizure of an individual effected without probable cause is unreasonable."); *Porterfield*, 156 F.3d at 569; *Harris*, 110 F.4th at 639, 645; *Johnson*, 105 F.4th at 113. Based upon the facts as alleged in the Complaint, Defendants cannot rely on qualified immunity for dismissal at this early stage.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Defendants' Motion to Dismiss (ECF No. 50) be **DENIED**.

**IT IS SO RECOMMENDED**.

The parties are referred to the Notice Page attached hereto.

October 2, 2025  
Charleston, South Carolina

Molly H. Cherry  
United States Magistrate Judge

15

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).