UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael Branden Whetsell, | ) | C/A No. 2:24-cv-05487-BHH-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Kevin Alexander Murnock & PFC Martinez, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Michael Branden Whetsell ("Plaintiff"), proceeding pro se, filed this action alleging violations of his constitutional rights. ECF No. 1. Before the Court is a Motion for Summary Judgment filed by Defendants Kevin Alexander Murnock and PFC Martinez. ECF No. 89. Because Plaintiff is proceeding pro se, the Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedures and the possible consequences if he failed to adequately respond to Defendants' Motion. ECF No. 90. Plaintiff responded in opposition to the Motion. ECF No. 105. The Motion is ripe for review.[1]

## BACKGROUND

This case arises from an arrest that occurred on March 26, 2024. *See generally* ECF No. 1. Plaintiff brings claims for monetary damages against Defendants in their individual capacities. *Id.* at 2–3, 8–10.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2), (D.S.C.). Because the Motion is dispositive, this Report and Recommendation is entered for review by the District Judge.

## I.     Evidence Before the Court

The facts and evidence are construed in the light most favorable to Plaintiff, as the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The evidence primarily consists of body camera footage from the events leading up to and comprising the arrest, ECF Nos. 89-2; 89-5–7, as well as related investigation documentation, ECF Nos. 89-3; 89-8–11, 105-2; 57-2, and affidavits from both Defendants. ECF Nos. 89-1; 89-4. To the extent that the videos clearly depict the events at issue, they will prevail over any contrary allegation or evidence submitted by either side. *See Simmons v. Whitaker*, 106 F.4th 379, 385 (4th Cir. 2024) ("[W]hen a video quite clearly contradicts the version of the story told by [the plaintiff] . . . so that no reasonable jury could believe it, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment." (alterations in original) (quoting *Witt v. W. Va. State Police, Troop 2*, 633 F.3d 272, 276 (4th Cir. 2011))).

## II.     Shoplifting Identification

On the evening of March 26, 2024, at approximately 11:45 PM, the Circle K at 1401 Joe Rouse Road in Mount Pleasant, South Carolina, experienced a shoplifting incident, and the store clerk called the Mount Pleasant Police Department. *See* ECF No. 89-2 (Murnock Body Camera Video "Murnock Body Cam") at 0:00:00–4:30 (taking report of incident from the store clerk).

Defendant Murnock, a Mount Pleasant Police officer, responded to the scene, where the store clerk described the shoplifter as a white male wearing a black hoodie with a dark beard and face tattoo. ECF No. 89-1 (Affidavit of Defendant Murnock) at ¶¶ 3–4; *see also* ECF No. 89-2 (Murnock Body Cam) at 0:00:12–50. The store clerk indicated that she saw the individual take a Smart Water and two oatmeal cream pies, and that he may have stuffed other items in his hoodie. ECF No. 89-2 (Murnock Body Cam) at 0:00:28–40, 3:01–4:02. She indicated that she had to report

the incident as part of her job and that the store would want to press charges. *Id.* at 0:00:50–57, 01:47–59.

Having been provided the description of the suspect by dispatch, Defendant Martinez, another Mount Pleasant Police officer, patrolled the area nearby in his vehicle around the same time. ECF No. 89-4 (Affidavit of Defendant Martinez) at ¶¶ 4–5. At approximately 12:10 AM, he identified Plaintiff, who was walking down Highway 17 in a black hoodie and matched the description given by the store clerk. *Id.* at ¶ 6.

Defendant Martinez turned his patrol vehicle around and exited the vehicle to speak with Plaintiff. *Id.* at ¶ 8. He told Plaintiff, who refused to identify himself, that he matched the description of the shoplifter in a nearby incident. *Id.* at ¶¶ 9–10; *see also* ECF No. 89-5 (Martinez Dashboard Camera Video "Martinez Dash Cam") at 0:01:14–24. Plaintiff did not offer much of a response but told Defendant Martinez and another officer that he was looking for his phone. ECF No. 89-4 at ¶¶ 11–12; *see also* ECF No. 89-5 (Martinez Dash Cam) at 0:01:03.

Defendant Murnock then arrived and determined that Plaintiff matched the description given by the store clerk. ECF No. 89-1 at ¶¶ 6–8. Defendant Martinez and the other officer continued to question Plaintiff about his whereabouts that evening. ECF No. 89-5 (Martinez Dash Cam) at 0:03:48–16:26. Plaintiff was put in handcuffs while being detained. ECF No. 89-6 (Martinez Body Camera Video "Martinez Body Cam 1") at 0:15:37–16:22. During the entire encounter, Plaintiff refused to give the officers his name or any other relevant information beyond that he had been in an argument with his girlfriend and had dropped his phone. *See* ECF No. 89-5 (Martinez Dash Cam) at 0:03:48–39:12.

There was a brief period of confusion while Defendant Martinez and the other officer clarified via phone whether they could bring Plaintiff to Circle K for a "showup admonition." ECF

No. 89-6 (Martinez Body Cam 1) at 0:19:12–23:17. Having determined they could not, the other, non-Defendant officer was sent to monitor the Circle K while Defendant Murnock brought the store clerk to Plaintiff's location. *See id.* at 23:18.

Once driven to Plaintiff's location by Defendant Murnock, the clerk identified Plaintiff as the individual who shoplifted from the Circle K. ECF Nos. 89-1 at ¶¶ 9–12; 89-6 (Martinez Body Cam 1) at 0:31:31–32:50; 89-3 (Mount Pleasant Police Department Showup Admonition form signed by the store clerk indicating she "was able to positively identify the man who shoplifted"). After this identification, Defendant Martinez determined that there was probable cause to arrest Plaintiff for shoplifting and informed Plaintiff that he was being placed under arrest. ECF Nos. 89-4 at ¶ 14; 89-6 (Martinez Body Cam 1) at 0:32:51–33:40.

### III.    Searches

Defendant Martinez then performed a search of Plaintiff incident to arrest while Defendant Murnock held Plaintiff's arms. ECF Nos. 89-4 at ¶¶ 16–17; 89-1 at ¶¶ 13–14; *see also* ECF Nos. 89-6 (Martinez Body Cam 1) at 0:33:41–37:59 (video depicting the search); 89-5 (Martinez Dash Cam) at 0:33:47–38:39 (same). Defendant Martinez attests that the search was performed in accordance with the training of the South Carolina Criminal Justice Academy ("SCCJA") and the policies and procedures of the Mount Pleasant Police Department. ECF No. 89-4 at ¶ 17; *see also* ECF No. 89-1 at ¶¶ 13–15 (affidavit of Defendant Murnock indicating the search he observed was performed in accordance with training, policies, and procedures). Plaintiff provided commentary during the search, including comments to the effect of "why are you grabbing all over and touching my knees and a\*\*," "I don't feel comfortable around [Defendant Martinez]," and "you wanna strip search me out here too?" *See* ECF No. 89-6 (Martinez Body Cam 1) at 0:35:11–33, 0:36:00–04, 0:36:44–48.

Defendant Martinez recovered a drill bit in its packaging during the search but found no other items. ECF No. 89-4 at ¶ 16. Defendant Martinez then transported Plaintiff to the Al Cannon Detention Center (the "Detention Center"). *Id.* at ¶ 18.

Once at the Detention Center, Plaintiff's handcuffs were removed by Defendant Martinez and Plaintiff was placed in the custody of the Detention Center, where he refused to provide his name or fingerprints. *Id.* at ¶¶ 19–21; *see also* ECF No. 89-6 (Martinez Body Cam 1) at 1:07:30–15:43.

In the video footage, the initial search performed by Detention Center staff did not appear to result in any remarkable findings. *See* ECF No. 89-6 (Martinez Body Cam 1) at 01:14:45–15:21, 01:15:41–17:23 (search occurring in the background while Defendant Martinez speaks to the intake team). Defendant Martinez therefore turned off his body cam. *See* ECF No. 89-4 at ¶¶ 23–24.

However, at some point, Detention Center staff discovered a white crystal-like substance, presumably from when Plaintiff's sock was removed, and informed Defendant Martinez.[2] *Id.* at ¶¶ 22–25; *see generally* ECF No. 89-7 (Martinez Body Camera Video "Martinez Body Cam 2"). Detention Center staff relayed that Plaintiff blamed them, to which a staff member had responded, "No, I don't have crack in my neighborhood." ECF No. 89-7 (Martinez Body Cam 2) at 0:00:22–45.

---

[2] It is not entirely clear from the evidence before the Court how much time passed between the first and second body camera videos. Plaintiff states that it is two minutes. ECF No. 105 at 2. In any event, towards the end of the first body camera video, a Detention Center staff member can be seen scrutinizing the floor near where the search of Plaintiff, which included the removal of his socks, took place. *See* ECF No. 89-6 (Martinez Body Cam 1) at 0:01:16:20–17:19.

Detention Center staff told Defendant Martinez they needed to review the camera footage to determine where the substance came from and would call and let him know once they determined the exact source. *Id.* at 0:04:35.

## IV. Charges

Detention Center staff gave the substance to Defendant Martinez, and he returned to the police department, where he conducted a field test along with his supervisor. ECF No. 89-4 at ¶ 25; *see also* ECF Nos. 89-8 (Mount Pleasant Police Department Property and Evidence Report); 89-7 (Martinez Body Cam 2) at 0:04:26–39. "[T]he field test revealed that the substance was cocaine base." ECF No. 89-4 at ¶ 26. Based on the substance and these test results, Plaintiff was charged with possession of cocaine base after a magistrate signed a warrant for the charge on March 27, 2024. *Id.* at ¶¶ 28–29; *see also* ECF No. 89-9 at 1–3 (arrest warrant and affidavit for "Drugs / Possession of less than one gram of meth. or cocaine base, 1st offense").

## V. Dismissals

Plaintiff's shoplifting charge was eventually dismissed and expunged. ECF No. 89-11. The drug charge was dismissed on September 5, 2024, based on Plaintiff's plea to other charges.[3] ECF No. 89-10 (Indictment/Warrant Status Change Form).

## LEGAL STANDARD

Defendants move for summary judgment on Plaintiff's claims pursuant to Rule 56 of the Federal Rules of Civil Procedure. ECF No. 89. Summary judgment is appropriate if a party "shows there is no genuine dispute as to any issue of material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Under the framework established in *Celotex*

---

[3] Plaintiff disputes this assertion, *see, e.g.*, ECF No. 99 at 2, but has not offered any evidence to support an alternative explanation of this disposition.

*Corp. v. Catrett*, 477 U.S. 317 (1986), the party seeking summary judgment shoulders the initial burden of demonstrating to the Court that there is no genuine issue of material fact. *Id.* at 323. Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324.

Under this standard, the evidence of the non-moving party is to be believed, and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson*, 477 U.S. at 255. However, although the Court views all the underlying facts and inferences in the record in the light most favorable to the non-moving party, the non-moving "party nonetheless must offer some 'concrete evidence from which a reasonable juror could return a verdict in his [or her] favor.'" *Williams v. Genex Servs., LLC*, 809 F.3d 103, 109 (4th Cir. 2015) (quoting *Anderson*, 477 U.S. at 256). That is to say, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory or speculative allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. To survive summary judgment, the non-movant must provide evidence of every element essential to his action on which he will bear the burden of proving at a trial on the merits. *Celotex Corp.*, 477 U.S. at 322.

Additionally, pro se filings are to be "liberally construed" and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). This "[l]iberal construction of the pleadings is particularly appropriate where, as here, there is a pro se complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (citation omitted); *Williamson v. Stirling*, 912 F.3d 154, 173 (4th Cir. 2018) (noting "we are obliged to construe [a complaint's] allegations liberally and with the intent of doing justice"). However, the requirement of liberal construction does not mean that the court can assume the existence of a genuine issue of material fact when none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.").

## DISCUSSION

Plaintiff brings claims based on (1) his arrest for shoplifting, (2) the search performed by Defendant Martinez incident to the shoplifting arrest, and (3) the planting of drugs and prosecution for their possession. ECF No. 1 at 6–9. Defendants move for summary judgment on Plaintiff's claims, contending that he has failed to establish any claim, and that even if Plaintiff had adequately established a claim, Defendants are protected by qualified immunity. ECF No. 89 at 5–17. The undersigned agrees.

### I.    Merits of Plaintiff's Claims

To establish a § 1983 claim, Plaintiff must demonstrate that Defendants, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States. 42 U.S.C. § 1983; *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001). At the summary judgment stage, Plaintiff must show each Defendant's personal involvement for liability to attach. *Williamson*, 912 F.3d at 171–72 (noting a plaintiff must affirmatively show that the official acted

8

personally in violating the plaintiff's constitutional rights and finding certain defendants were entitled to summary judgment because "they lacked sufficient personal involvement in the alleged constitutional deprivations"); *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (noting liability will lie in § 1983 actions only where it is "affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights" (citation omitted)).

### A. False Arrest Claim: Shoplifting

Plaintiff alleges he was profiled and improperly arrested for shoplifting. ECF No. 1 at 8. Defendants argue that his claim should be dismissed because probable cause existed to arrest Plaintiff as the suspected shoplifter. ECF No. 89 at 5–8. The undersigned agrees.

Section 1983 actions premised on malicious prosecution, false arrest, and/or false imprisonment are analyzed as actions claiming unreasonable seizures in violation of the Fourth Amendment. *See, e. g.*, *Brown v. Gilmore*, 278 F.3d 362, 367–68 (4th Cir. 2002) (recognizing that a plaintiff bringing a § 1983 false arrest claim needs to show that the officer decided to arrest him without probable cause to establish an unreasonable seizure under the Fourth Amendment); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001) (stating claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment").

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "The basic purpose of this Amendment . . . is to safeguard the privacy and security of individuals against arbitrary invasions by government officials." *Camara v. Mun. Ct. of City & Cnty. of S.F.*, 387 U.S. 523, 528 (1967). Fundamentally, the Fourth Amendment imposes "a standard of reasonableness upon the exercise of discretion by government officials, including law enforcement

agents . . . ." *Delaware v. Prouse*, 440 U.S. 648, 653–54 (1979). As such, an arrest is only considered "reasonable" for purposes of the Fourth Amendment when justified by probable cause. *See, e.g.*, *Wilson v. Kittoe*, 337 F.3d 392, 398 (4th Cir. 2003). Put differently, "[t]he Fourth Amendment is not violated by an arrest based on probable cause." *Graham v. Connor*, 490 U.S. 386, 396 (1989).

"Probable cause to justify an arrest arises when 'facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Porterfield v. Lott*, 156 F.3d 563, 569 (4th Cir. 1998) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)). The probable cause determination is inherently fact specific but typically turns on two primary factors: (1) the suspect's conduct known to the officer, and (2) the contours of the offense thought to be committed by that conduct. *Rogers*, 249 F.3d at 290; *Pritchett v. Alford*, 973 F.2d 307, 314 (4th Cir. 1992). Probable cause "requires more than bare suspicion but requires less than evidence necessary to convict." *Porterfield*, 156 F.3d at 569. Where "no reasonable officer could believe, in light of the contours of the offense at issue, that probable cause exists to arrest that person, a violation of a clearly established Fourth Amendment right to be arrested only upon probable cause ensues." *Rogers*, 249 F.3d at 290 (citing *Smith v. Reddy*, 101 F.3d 351, 356 (4th Cir. 1996)). Indeed, "when determining whether the officers are entitled to summary judgment, the question is not whether there is a genuine dispute of material fact about whether probable cause existed, but rather whether there is a genuine dispute of material fact about what the officers knew or reasonably believed at the time that could support a finding of probable cause." *Harris v. Town of S. Pines*, 110 F.4th 633, 639 (4th Cir. 2024).

Here, the evidence before the Court establishes that there is no genuine dispute of material fact about what the Defendant officers knew or reasonably believed at the time they arrested Plaintiff for shoplifting. Plaintiff suggests that the "inconsistencies in Defendants' accounts and lack of reliable corroborating evidence" permit an inference that the arrest and prosecution were unlawful. ECF No. 105 at 4. Notwithstanding that Plaintiff has not identified what inconsistencies there are in Defendants' accounts with respect to the shoplifting arrest, even if there were any such inconsistencies, Plaintiff has not provided or pointed to any evidence to suggest that Defendants' determination of probable cause, and therefore their arrest of Plaintiff, was unlawful. Because Defendants submitted evidence suggesting there is no genuine dispute of material fact, it is Plaintiff's burden to show what specific, material facts exist that give rise to a genuine issue. *See Celotex Corp.*, 477 U.S. at 324. He has not done so.

The video evidence before the Court, along with supporting documentation, show that Defendants acted on a report from the store clerk at Circle K. *See, e.g.*, ECF Nos. 89-2 (Murnock Body Cam) at 0:00:12–50; 89-1 at ¶¶ 3–12; 89-4 at ¶¶ 5–15. Once officers located Plaintiff, who matched the description given by the store clerk—a witness to the shoplifting incident—they still had her perform an identification, in which she was brought to the scene to confirm Plaintiff was the individual she believed stole from the store. *See* ECF No. 89-6 (Martinez Body Cam 1) at 0:31:31–32:50; *see also* ECF Nos. 89-3 (store clerk's signed Showup Admonition form indicating she "was able to positively identify the man who shoplifted"); 57-2 at 1 (arrest warrant affidavit for shoplifting, completed after Plaintiff's arrest, indicating that Plaintiff was arrested based on matching the description provided by store clerk and an identification made by clerk).

"It is surely reasonable for a police officer to base his belief in probable cause on a victim's reliable identification[.]" *Torchinsky v. Siwinski*, 942 F.2d 257, 262 (4th Cir. 1991). And Plaintiff

11

has not alleged nor established how Defendants lacked probable cause for the arrest based on an identification by the clerk. In fact, he does not seem to present any argument for why his false arrest claim should not be dismissed. *See generally* ECF No. 105. Even if the store clerk's identification was incorrect, as Plaintiff suggested at the time of the showup admonition, the officers were entitled to rely on the identification as support for their probable cause determination, particularly when Plaintiff has not identified any basis for which any such reliance would be unjustified. Indeed, "it's what the police know, not whether they know the truth, that matters." *Ferrara v. Hunt*, No. CIV.A. 0:09-2112, 2012 WL 1044488, at *4 (D.S.C. Mar. 28, 2012) (quoting *Gramenos v. Jewel Cos., Inc.*, 797 F.2d 432, 439 (7th Cir. 1986)).

Without any affirmative evidence in the record to support Plaintiff's allegations that Defendants lacked probable cause, Plaintiff's false arrest claim cannot survive summary judgment. *See Anderson*, 477 U.S. at 256 ("The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict."); *see also id.* at 257 ("[T]he plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment."). Though Plaintiff appears to generally disagree with the version of events presented in Defendants' affidavits, he has not provided any testimony or other evidence to support his contentions. Such an argument is insufficient at this stage of litigation. *See McCree v. City of Chester*, No. CV 0:20-867-JFA-PJG, 2022 WL 18958708, at *11 (D.S.C. Aug. 22, 2022) ("This naked type of 'liar, liar, pants on fire' argument is insufficient to defeat a well-supported motion for summary judgment."), *report and recommendation adopted*, No. CV 0:20-867-JFA-PJG, 2023 WL 1814175 (D.S.C. Feb. 8, 2023).

For these reasons, the undersigned recommends that Defendants' Motion for Summary Judgment be granted with respect to Plaintiff's claim for false arrest based on the shoplifting charge.

## B. Unreasonable Search Claim

Plaintiff also brings a Fourth Amendment claim based on alleged inappropriate touching by Defendant Martinez during the pat down search performed after his arrest. ECF No. 1 at 7. Defendants assert that the claim fails as a matter of law. ECF No. 89 at 13–16.

In determining the reasonableness of a search under the Fourth Amendment, "[c]ourts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). "The overriding function of the Fourth Amendment is to protect personal privacy and dignity against unwarranted intrusion by the State." *Johnson v. Robinette*, 105 F.4th 99, 113 (4th Cir. 2024) (internal quotation marks omitted). "Therefore, to be constitutional, a search must not be unreasonable." *Id.* (internal quotation marks omitted).

Though Plaintiff alleges that Defendant Martinez's pat down search of Plaintiff's person made him uncomfortable, ECF No. 1 at 7, he has not submitted any evidence to suggest that the search went beyond the standard procedure employed as part of an arrest or was otherwise unreasonable.

Nor does the evidence before the Court support such an inference. Defendant Martinez attests that he performed a standard search of Plaintiff's person incident to his arrest for contraband and weapons. ECF No. 89-4 at ¶ 16. He testifies that the search was performed in accordance with the training of the SCCJA and the policies and procedures of the Mount Pleasant Police Department. *Id.* at ¶ 17; *see also* ECF No. 89-1 at ¶¶ 13–15 (Defendant Murnock's sworn

testimony that the search was performed in accordance with trainings). Indeed, none of the video footage of the incident and the resulting search indicates that the search went beyond the standard search incident to arrest or otherwise contradicts these attestations. *See* ECF Nos. 89-6 (Martinez Body Cam 1) at 0:33:41–37:59; 89-5 (Martinez Dash Cam) at 0:33:47–38:39; *see also Simmons*, 106 F.4th at 385.

Plaintiff's commentary during the search and subsequent allegations in his Complaint and Response do not give rise to a genuine dispute of material fact regarding the standard search clearly depicted in the video footage, and therefore they do not require that the matter be submitted to a jury.[4] *See Anderson*, 477 U.S. at 252; *Thompson*, 312 F.3d at 649. Plaintiff's discomfort with a standard search incident to arrest does not automatically support an Eighth Amendment claim, particularly in the absence of any evidence showing that the search went beyond what was reasonable. *See Anderson v. Johnson*, No. 1:22-CV-598, 2025 WL 4061360, at *8 (M.D.N.C. Sep. 30, 2025) (noting that plaintiff's claims of inappropriate sexual touching during search were sufficient to state a claim at motion to dismiss stage but the evidence at summary judgment supported that any inappropriate touching was incident to the search). Because there is no evidence to support that Defendant Martinez's search involved contact beyond "what was 'accidental or *de minimis* and thus constitutionally reasonable,'" Plaintiff's claim should not survive summary judgment. *See id.* (quoting *Fontana v. Haskin*, 262 F.3d 871, 880 (9th Cir. 2001)).

And to the extent Plaintiff bases his claim on the fact that he was searched in general, he cannot bring a claim for a standard, reasonable search incident to his arrest. *See Preston v. United States*, 376 U.S. 364, 367 (1964) ("Unquestionably, when a person is lawfully arrested, the police have the right, without a search warrant, to make a contemporaneous search of the person of the

---

[4] *See also infra* Section II.

accused for weapons or for the fruits of or implements used to commit the crime."); *see also Maryland v. King*, 569 U.S. 435, 449 (2013) ("[T]he constitutionality of a search incident to an arrest does not depend on whether there is any indication that the person arrested possesses weapons or evidence. The fact of a lawful arrest, standing alone, authorizes a search." (quoting *DeFillippo*, 443 U.S. at 35)).

Because the evidence indicates that probable cause supported the arrest for shoplifting such that Defendant Martinez had reasonable grounds to search Plaintiff, and Plaintiff has not offered any evidence to suggest that the search was unreasonable, the undersigned recommends that Defendants' Motion be granted on this claim.

### C. Fabrication of Evidence & Malicious Prosecution Claims: Drug Possession

Plaintiff also alleges that Defendants planted drugs on him and/or lied about finding drugs on his person. ECF No. 1 at 8. This assertion serves as a claim under the Due Process clause of the Fourteenth Amendment and a claim for malicious prosecution under the Fourth Amendment.[5] *See* ECF No. 1 at 8; *see also Harris*, 110 F.4th at 639–48 (noting similar allegations supported claims for fabrication of evidence, cognizable under the Fourteenth Amendment's Due Process Clause, and malicious prosecution, cognizable under the Fourth Amendment); *Massey v. Ojaniit*, 759 F.3d 343, 355–56, 356 n.6 (4th Cir. 2014) (distinguishing between plaintiff's malicious prosecution and due process claims, noting that "the Fourteenth Amendment due process claim in Count I (concern[ed] [plaintiff's] convictions) and the Fourth Amendment claim in Count II (focus[ed] on

---

[5] Though Plaintiff brought his claims under the Fourth Amendment, "[w]here the context . . . makes clear a litigant's essential grievance, the complainant's additional invocation of general legal principles need not detour the district court from resolving that which the litigant himself has shown to be his real concern." *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

his arrest)").[6]

Defendants argue they are entitled to summary judgment on both claims. ECF No. 89 at 8–13. In response, Plaintiff cites *Raynor v. Pugh*, 817 F.3d 123 (4th Cir. 2016), to suggest that "where a Plaintiff's account conflicts with that of officers, the dispute must be resolved by a jury." ECF No. 105 at 4. Because Plaintiff has not submitted an account—or any evidence in support thereof—that conflicts with that of Defendants, the undersigned agrees that summary judgment is warranted on these claims.

### 1. Fabrication of Evidence

"To succeed on a Fourteenth Amendment fabrication of evidence claim, a plaintiff must show that (1) that officers fabricated or omitted material evidence; (2) that he suffered a loss of liberty; and (3) that the loss of liberty was caused by the fabricated evidence." *Harris*, 110 F.4th at 645 n.6 (citing *Massey*, 759 F.3d at 354).

To begin, neither Defendant named in this case participated in the search during which any evidence was allegedly fabricated. *See* ECF Nos. 89-1 at ¶ 18; 89-4 at ¶ 23. Instead, the evidence supports that Detention Center staff obtained and identified the substance later identified as cocaine base. On this basis alone, Plaintiff's fabrication of evidence claim fails based on lack of personal involvement by either Defendant. *See Wilcox*, 877 F.3d at 170.

Furthermore, regardless of Plaintiff's allegations that the drug evidence was fabricated, the evidence before the Court nonetheless supports that Detention Center staff located the drugs on Plaintiff's person and then gave that evidence to Defendant Martinez for testing. *See* ECF No. 89-

---

[6] The "convictions" language used in *Massey* was clarified in *Harris*, where the Fourth Circuit explained that though *Massey* identified the plaintiff's conviction as the loss of liberty, a conviction was sufficient, but not necessary, to demonstrate a constitutional deprivation under the Fourteenth Amendment. *Harris*, 110 F.4th at 647 n.9.

4 at ¶¶ 22–29; *see also* ECF No. 89-7 (Martinez Body Cam 2). Though Plaintiff highlights a gap in video footage, the affidavit submitted by Defendant Martinez supports that "in performing an intake search of [Plaintiff's] person, intake personnel discovered a white crystal-like substance on [Plaintiff's] person when they took off one of his socks." ECF No. 89-4 at ¶ 22. Defendant Martinez attests that he tested the substance at headquarters, and it showed to be cocaine base. *Id.* at ¶¶ 25–27; ECF No. 89-9 at 3. Though Plaintiff has requested more proof of the facts to which Defendants have sworn under oath, he has not shown that these facts are genuinely in dispute.[7]

In sum, the evidence does not support Plaintiff's allegations that Defendants fabricated material evidence. *See Harris*, 110 F.4th at 645 n.6. The undersigned therefore recommends that Defendants' Motion be granted with respect to this claim.

### 2. Malicious Prosecution

To establish a claim for malicious prosecution, Plaintiff must show that (1) Defendants "seized him pursuant to legal process that was not supported by probable cause," and (2) "the criminal proceedings have terminated in his favor." *See id.* at 639 (citing *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012)).

#### i. *Legal Process Supported by Probable Cause*

The evidence before the Court shows that probable cause supported Plaintiff's drug charge, as it shows that the facts and circumstances within Defendant Martinez's knowledge were sufficient to warrant a prudent person in believing that Plaintiff had drugs in his possession. *See*

---

[7] Plaintiff takes issue with the gap in video footage between when he was turned over to the custody of Detention Center staff and the provision of the white, crystal-like substance to Defendant Martinez. *See* ECF No. 105 at 1–4. But Defendant Martinez's affidavit provides sworn testimony regarding the gap in footage, specifically noting that he did not participate in the intake search but reactivated his body camera upon being informed that a substance was found on Plaintiff's person. ECF No. 89-4 at ¶ 24.

*Porterfield*, 156 F.3d at 569.

Specifically, Detention Center staff informed Defendant Martinez that they had found contraband on Plaintiff's person, ECF No. 89-4 at ¶ 23, Defendant Martinez tested the substance at Mount Pleasant Police Department headquarters, *id.* at ¶ 25, and the substance was tested and shown to be cocaine base, *id.* at ¶ 27. The video evidence does not contradict these sworn facts. *See Simmons*, 106 F.4th at 385.

Plaintiff highlights that Defendants' accounts of where exactly the drugs were found are not entirely consistent. *See* ECF No. 105 at 2–3 (noting that Defendant Murnock's incident report (ECF No. 105-2 at 2) indicated that the substance was found between Plaintiff's toes, but Defendant Martinez's report (ECF No. 105-2 at 1) said it was found while staff removed one of Plaintiff's socks). Any such inconsistency in Defendants' reports—particularly when both Defendants were relying on information relayed by Detention Center staff—is not *material* to Plaintiff's claim. *See Anderson*, 477 U.S. at 248; *Porterfield*, 156 F.3d at 569.

Further, even taking Plaintiff's allegation that the drugs were planted by Detention Center staff as true—notwithstanding that there is no evidentiary support for such a contention—Plaintiff has not shown that Defendants were aware of any such plot against him such that their reliance on the evidence provided by Detention Center staff would have been unlawful. *See Harris*, 110 F.4th at 639 (noting question at summary judgment stage is "whether there is a genuine dispute of material fact about what the officers knew or reasonably believed at the time that could support a finding of probable cause"). Plaintiff has not presented any evidence to suggest that there is any genuine dispute of material fact as to what Defendant Martinez knew or reasonably believed in charging Plaintiff with drug possession. *See id.* He suggests that a dispute remains because "Defendant Martinez did not conduct any field testing of the alleged substances in Plaintiff's

18

presence, nor is there any body cam footage reflecting that such testing occurred." ECF No. 105 at 1. He also highlights Defendants' failure to produce a request for laboratory analysis through South Carolina Law Enforcement Division. *Id.* at 1–2. But neither of these arguments are persuasive, particularly given that probable cause requires less than the evidence necessary to obtain a conviction. *See Porterfield*, 156 F.3d at 569. Defendants are not required to submit to this Court all available evidence pertaining to the arrest; they must only meet their burden to show that no material facts are in dispute that might allow a reasonable jury to find liability.

Defendants have provided evidence supporting their version of events and demonstrating that there is no genuine dispute of material fact. As such, it is Plaintiff's burden, not Defendants', to point to evidence demonstrating that any such dispute exists. Simply attempting to poke holes in the evidence that Defendants have supplied is insufficient, and conclusory allegations do not suffice. *See Thompson*, 312 F.3d at 649. The evidence before the Court supports that the drugs found on Plaintiff's person at the Detention Center had a positive result for cocaine base. *See* ECF No. 89-4 at ¶ 27. As such, there is no evidence supporting Plaintiff's mere suggestion that there was improper conduct indicating that Defendant Martinez lacked probable cause to bring the drug possession charge.

### ii.    Unfavorable Termination

Even if Plaintiff was seized pursuant to legal process unsupported by probable cause—which the undersigned finds has not been established—Plaintiff cannot meet the favorable termination element with respect to the drug possession charge. *See Harris*, 110 F.4th at 649.

Plaintiff's charge for drug possession (warrant number 2024A1010201937), ECF No. 89-9 at 1, was dismissed based on Plaintiff's agreement to plea to other charges. ECF No. 89-10 (warrant number 2024A1010201937 dismissed, with "Reason . . . : Defendant pled to other

19

charges"). "The dismissal of charges pursuant to a plea agreement does not constitute a favorable termination of proceedings to support a malicious prosecution claim." *Coffy v. Dittrich*, No. 2:24-CV-00786-BHH-WSB, 2024 WL 5374472, at \*6 (D.S.C. Oct. 9, 2024) (citing *Allen v. City of Dunn*, 708 F. Supp. 3d 743, 753 (E.D.N.C. 2023); *Tucker v. Duncan*, 499 F.2d 963, 965 (4th Cir. 1974)), *report and recommendation adopted*, No. CV 2:24-786-BHH, 2025 WL 357746 (D.S.C. Jan. 31, 2025); *see also Tilley v. Pierson*, 809 F. Supp. 3d 427, 441 (S.D.W. Va. 2025) ("A dismissal of related charges as part of a plea agreement does not constitute a favorable termination because the criminal prosecution did not end without a conviction." (citing *Thompson v. Clark*, 596 U.S. 36, 39 (2022))).

Because Plaintiff has not shown that a genuine dispute of material fact remains as to either element of his malicious prosecution claim based on the drug possession charge that could allow a reasonable jury to find in Plaintiff's favor, the undersigned recommends that Defendants' Motion be granted with respect to this claim. Plaintiff correctly notes that a genuine material conflict between the accounts of a plaintiff and defendant officers requires resolution by a jury, ECF No. 105 at 4 (citing *Raynor*, 817 F.3d at 130); but here, he has not submitted any evidence in support of his account. Unlike in *Raynor*, where the plaintiff submitted a verified complaint attesting to his version of events, here, Plaintiff has submitted only allegations, which are not treated as evidence at this stage of proceedings. *See Thompson*, 312 F.3d at 649.

## II.     **Qualified Immunity**

Defendants also argue they are entitled to qualified immunity. ECF No. 89 at 16–17. Plaintiff disagrees. ECF No. 105 at 3–5. The undersigned finds that even if Plaintiff had established a constitutional violation, Defendants would be protected by qualified immunity.

20

"When properly applied, [qualified immunity] protects all but the plainly incompetent or those who knowingly violate the law." *Taylor v. Barkes*, 575 U.S. 822, 825 (2015) (per curiam) (alteration in original) (internal quotation marks omitted). "Under the well-established analysis, [the officer] would be entitled to qualified immunity from a § 1983 claim unless (1) []he violated a constitutional or statutory right, and (2) the right was clearly established at the time []he acted. And a court is free to address these two prongs in any order it finds prudent." *Belton v. Loveridge*, 129 F.4th 271, 277 (4th Cir. 2025) (internal citations omitted) (citing *D.C. v. Wesby*, 583 U.S. 48, 62–63 (2018); *Thurston v. Frye*, 99 F.4th 665, 673 (4th Cir. 2024); *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)). When considering the defense of qualified immunity, a court should consider "only the facts that were knowable to the defendant officers." *White v. Pauly*, 580 U.S. 73, 77 (2017) (per curiam). Indeed, a court is to consider whether "a reasonable officer in [Defendants'] position would have known that the conditions they inflicted on [the plaintiff] were unlawful at the time." *Jones v. Solomon*, 90 F.4th 198, 210–11 (4th Cir. 2024) (internal quotation marks omitted) (granting summary judgment based on officers' entitlement to qualified immunity because they would not have known that their actions violated plaintiff's rights based on clearly established law at the time of the violation).

As set forth in the analysis above, Plaintiff has not established a violation of any constitutional right, which entitles Defendants to qualified immunity. Furthermore, no clearly established law would have put Defendants on notice that any of the actions taken throughout their efforts to detain, search, and arrest Plaintiff for shoplifting and drug possession, relying on witness identification and routine testing, respectively, would violate a constitutional right. Nor has Plaintiff suggested or shown that either Defendant would have known that his actions "were

21

unlawful at the time." *See id.* Accordingly, Defendants are also entitled to qualified immunity, and

Plaintiff's claims should be dismissed.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Defendants' Motion for

Summary Judgment (ECF No. 89) be **GRANTED**.

**IT IS SO RECOMMENDED**.

The parties are referred to the Notice Page attached hereto.

May 21, 2026                                  Molly H. Cherry
Charleston, South Carolina          United States Magistrate Judge

22

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).