IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Michael Branden Whetsell,                )
                                         )
               Plaintiff,                )
                                         )    Civil Action No. 2:24-cv-5487-BHH
v.                                       )
                                         )    **ORDER**
Kevin Alexander Murnock & PFC            )
Martinez,                                )
                                         )
               Defendants.               )
_____         )

Plaintiff Michael Branden Whetsell ("Plaintiff"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  On January 14, 2026, Defendants filed a motion for summary judgment.  (ECF No. 89.)  In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.

On May 21, 2026, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court grant Defendants' motion for summary judgment.  (ECF No. 109.)  Specifically, the Magistrate Judge found Defendants are entitled to summary judgment on Plaintiff's claim for false arrest because there is no genuine dispute of fact that probable cause existed to arrest Plaintiff as a suspected shoplifter.  (*Id.* at 9-13.)  Next, the Magistrate Judge found that Defendants are entitled to summary judgment on Plaintiff's Fourth Amendment claim based on an alleged inappropriate search of Plaintiff's person incident to his arrest.  (*Id.* at 13-15.) Likewise, the Magistrate Judge found that Defendants are entitled to summary judgment on Plaintiff's claims for fabrication of evidence and malicious prosecution.  (*Id.* at 15-20.)  Lastly, the

Magistrate Judge found that, even if Plaintiff had established a constitutional violation, Defendants would be entitled to qualified immunity. (*Id.* at 20-22.)

Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no party has filed objections to the Report, the Court has reviewed the record and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and fully agrees with the Magistrate Judge's thorough analysis.

**Accordingly, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 109), and the Court grants Defendants' motion for summary**

**judgment (ECF No. 89).**

  **IT IS SO ORDERED.**

              <u>s/Bruce H. Hendricks</u>
              United States District Judge

June 10, 2026
Charleston, South Carolina